IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROQUE BARRIENTOS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-57-XR |
| | § | |
| CITY OF EAGLE PASS, TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MOTION TO DISMISS & MOTION TO ADD CLAIM**

Came on this day to be considered Defendant's Motion to Dismiss (Docket Entry No. 3) and Plaintiff's Motion to Include a Claim of Retaliation (included in Docket Entry No. 10).  Having considered the motions and the attached documents, Defendant's Partial Motion to Dismiss is GRANTED and Plaintiff's Motion to Include a Claim is DENIED.

**Background**

Plaintiff Roque Barrientos, a 39-year old Mexican-American male, was employed by the Fire Department of the Defendant, the City of Eagle Pass, Texas.  Barrientos began his employment in 1997 and served in various positions, including an Emergency Medical Technician-Basic/Firefighter, Emergency Medical Technician-Paramedic, Arson Investigator, and Emergency Medical Services/Fire Instructor, eventually obtaining the rank of Lieutenant.  Plaintiff created and served as President of a local firefighters' union.

Barrientos resigned on September 11, 2008, to attend the United States Border Patrol Academy.  Within his first two weeks at the Academy, he contacted the City Manager about returning to his previous position.  Plaintiff resigned from the United States Border Patrol and returned to Eagle Pass on September 20, 2008.  He then met with Fire Chief Jesus Rodriguez, who

stated he would try and re-hire the Plaintiff for the new fiscal year, which would begin on October 1, 2008.  In October 2008, Chief Rodriguez informed Barrientos that he would need to re-apply for the position and provide an additional letter specifying that the Plaintiff would not be seeking his previous position as a lieutenant.  On November 4, 2008, Chief Rodriguez notified Barrientos that he would need to perform a physical agility test, which Barrientos did not pass on November 5, 2008.

On or about March 29, 2009, the Defendant hired Denise Vera, a twenty-one year old non-Hispanic white female, as an Emergency Medical Technician-Basic, and she was not subject to the same agility test as the Plaintiff nor did Defendant advertise for her position  The Defendant states Vera is a part-time employee.

## Procedural History

Plaintiff contacted the Equal Employment Opportunity Commission on March 29, 2009.[1]  He filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division on May 9, 2009, alleging a claim for sex discrimination.[2]  Plaintiff then filed suit against the City of Eagle Pass for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,

---

[1] Plaintiff prepared an online claim with the E.E.O.C. on March 29, 2009.  E.E.O.C. Questionnaire (Mar. 29, 2009) (Resp. Ex. 1).  Plaintiff alleges that he attempted to meet with the E.E.O.C. investigator "to clarify questions she forwarded Plaintiff" and asked if he could visit with her in person."  Plaintiff claims that the E.E.O.C. "failed to properly instruct and guide [him] to evaluate the claims of discrimination."

[2] Charge of Discrimination (May 9, 2009) (Mot. Ex. A).  Plaintiff sent a handwritten letter dated September 24, 2009, to the E.E.O.C. requesting a right to sue letter.  Letter from Roque Barrientos (Sept. 24, 2009) (Resp. Ex. 3).  The Court assumes Plaintiff received a right to sue letter.  No copy was provided to the Court.  Defendant does not allege any deficiency in this regard.

based upon race, national origin, sex, and retaliation.[3] Plaintiff also asserts claims for hostile work environment and harassment. The Defendant filed a motion for partial dismissal on the grounds that the Court lacks subject matter jurisdiction over the Plaintiff's claim of race, national origin and retaliation in violation of Title VII.[4] Plaintiff responded to Defendant's motion and moved the Court to allow him to include a claim of retaliation.[5] Defendant filed a reply to Plaintiff's response and responded to Plaintiff's motion beyond the deadline.[6] Plaintiff has submitted a sur-reply related to Defendant's motion and replied regarding his motion.[7]

## Legal Standard

Title VII authorizes persons who believe themselves to be victims of unlawful discrimination to bring private enforcement causes of action after exhausting administrative remedies. 42 U.S.C. § 2000e-5(f)(1). "As a precondition to seeking [ ] judicial relief . . . complaining employees must exhaust their administrative remedies . . . ." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).[8]

---

[3] Pl.'s Original Compl., Jan. 25, 2010 (Docket Entry No. 1).

[4] Def.'s Partial Mot. to Dismiss, Feb. 16, 2010 (Docket Entry No. 3).

[5] Pl.'s Resp. to Def.'s Mot for Partial Dismissal & Mot. to Include Claim of Retaliation, Feb. 17, 2010 (Docket Entry No. 10).

[6] Def.'s Reply to Pl.'s Resp. to Def.'s Partial Mot. to Dismiss and Pl.'s Mot. to INclude Claim of Retaliation, Mar. 31, 2010 (Docket Entry No. 11).

[7] Pl.'s Resp. to Def.'s Reply to Pl.'s Resp. to Def.'s Mot. for Partial Dismissal & Pl.'s Mot. to Include Claim of Retaliation, Apr. 9, 2010 (Docket Entry No. 14).

[8] Cases identify the failure to exhaust administrative remedies as precluding the Court's jurisdiction while others have characterized it as failing to meet a condition precedent to filing a suit. *Compare Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Although filing of an E.E.O.C. charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court. (internal quotation marks omitted)), *with Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994) ("It is well-settled that courts have no

Here, Defendant challenges the jurisdiction of the Court over some of Plaintiff's claims, arguing that Plaintiff has failed to exhaust administrative remedies.[9] (Mot. ¶ 12.) Dismissal is warranted if the Court lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) must be considered before any other challenge because a court must have jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced

---

jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."). District courts have evaluated motions to dismiss for failure to exhaust administrative remedies under Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Nazir v. Wal-Mart Stores*, No. H-09-2902, 2009 WL 3735937, at *2–3 (S.D. Tex. Nov. 4, 2009) (evaluating motion pursuant to Rule 12(b)(6)); *Asongwe v. Wash. Mut. Card Servs.*, No. 3:09-CV-0668-G (BH), 2009 WL 2337558, at *1 (N.D. Tex. July 29, 2009) (accepting magistrate judge's report and recommendation that evaluated motion pursuant to Rule 12(b)(1)). This Court, Judge Kathleen Cardone presiding, has stated: "The nature of the claim being asserted, and the nature of the available administrative remedy, both appear to influence the way in which a failure of exhaustion is characterized and treated." *Morris v. ADC Telecomms., Inc.*, No. EP-09-CV-242-KC, 2009 WL 3536688, at *2 n.2 (W.D. Tex. Oct. 23, 2009). Ultimately, there is a distinction without a difference since failure to exhaust administrative remedies would typically warrant dismissal under either rule. *See, e.g., Russell v. Good Shepherd Medical Ctr.*, No. 2:08-CV-206, 2009 WL 2487108, at *2 (E.D. Tex. Aug. 12, 2009) (stating that failure to obtain right to sue letter would require dismissal whether treated as a matter of jurisdiction or as a statutory condition precedent).

[9]The Court also takes note the standards to evaluate a motion to dismiss pursuant to Rule 12(b)(6). If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. *See* FED. R. CIV. P. 12(b)(6). Although evaluating a motion to dismiss pursuant to Rule 12(b)(6) is limited to the pleadings, a court may evaluate documents attached to a motion to dismiss that is "restricted . . . to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## Analysis

Here, Barrientos's charge of discrimination states that his claim is based on sex discrimination. The Court "construes an E.E.O.C. complaint broadly but in terms of the administrative E.E.O.C. investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir.1970)). Plaintiff's charge of discrimination states in its entirety:

> On or about November 05, 2008, I was not hired as a Firefighter or Emergency Medical Technician (EMT).
> On or about November 4, 2008, I was informed by Fire Chief Jesus [Rodriquez [sic] that I had to take an agility test if I wanted to get hired. I took the agility test and did not pass it.
> On or about November 05, 2009, I was not hired as a Firefighter or Emergency Medical Technician (EMT) because I had failed the agility test.
> I believe I was discriminated against because of my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.
> A female, by the name of Denise NU (last name unknown) was hired on [sic] March 2009, as a Basic Emergency Medical Technician (EMT) and she was not required to take the agility test.[10]

The document bears Roque Barrientos's signature, a date in his handwriting, and minor modifications to the typewritten text. No additional pages are provided.

Barrientos's charge of discrimination asserted nothing more than a charge for sex discrimination. Even broadly construing Barrientos's charge, there is no other claim that would reasonably grow from it. Barrientos specifically declares that he was discriminated because of his

---

[10]Mot. Ex. A.

sex and compares his situation to that of a female who was hired without having to take the same agility test required of him. "The suit filed may encompass only the discrimination stated in the charge itself or developed in the course of a reasonable [E.E.O.C.] investigation of that charge." *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994) (internal quotation marks omitted). Consequently, Barrientos may only assert a claim for sex discrimination.

Barrientos argues that the E.E.O.C. failed to properly instruct and guide him to evaluate his claims for discrimination. He contends that this was prejudicial and asks the Court to allow him to include a claim for retaliation.[11] He provides the Court with the text of an E.E.O.C. employment manual and states that the investigators failed to fulfill their responsibilities.[12]

In support of his argument, Barrientos points to *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278 (5th Cir. 1994). In *Clark*, the magistrate judge dismissed the plaintiff's claim for disparate treatment based on her charge that she was sexually harassed and that harassment was because of her sex. *Id.* at 1279. Reversing the magistrate judge's determination, the Fifth Circuit found that the E.E.O.C. charge provided a sufficient predicate upon which it could investigate a claim for disparate treatment. *Id.* at 1280–81.

---

[11] Plaintiff requests that the Court to allow him to proceed with a claim for retaliation. He does not request that the Court allow him to proceed with claims for discrimination based on race or national origin even though he opposes Defendant's motion to dismiss. It is unclear whether Barrientos is conceding on the claims for race and national original discrimination. In any case, the Court's has evaluated those claims and determined that Barrientos cannot proceed with them.

[12] Plaintiff questions whether the E.E.O.C. complied with their procedures, however, it was incumbent upon Barrientos to provide the E.E.O.C. with sufficient information in the E.E.O.C. Assessment System Questionnaire. Barrientos's unsubstantiated allegations that the Commission failed to abide by its policies would result in plaintiffs attempting to circumvent the administrative process for certain claims by alleging that the Commission's actions were insufficient.

Barrientos overstates *Clark*. The Fifth Circuit cited the plaintiff's affidavit to the E.E.O.C. in which the plaintiff attested to women being forced to take lower paying jobs and women being replaced by men. This provided the basis for plaintiff's claim for disparate treatment in addition to her harassment claim. In this case, Barrientos's charge provides no reasonable basis for a retaliation claim.[13]

Plaintiff challenges the E.E.O.C.'s investigation and states that it did not adequately investigate the Plaintiff's claims to evaluate the totality of his potential claims of discrimination. The Court is mindful of the instructions provided in *Sanchez v. Standard Brands, Inc.*, in which the Fifth Circuit stated that a district court's evaluation of a charge of discrimination is to be "sufficiently liberal to protect [the charging party's] rights." *Id.* at 463. Even evaluating the E.E.O.C. Assessment System Questionnaire that Barrientos completed online, the Court finds no information that could serve as the basis for a retaliation claim.[14] Barrientos also made handwritten

---

[13]Plaintiff cites *E.E.O.C. v. General Electric Company*, 532 F.2d 359, 366 (4th Cir. 1976), in which the E.E.O.C. was able to bring a claim of sex discrimination even though the charge only referenced race discrimination. In that case, the E.E.O.C. was able to pursue the additional claim because it was uncovered during the course of the E.E.O.C.'s investigation of a claim in the original charge. Plaintiff also cites *E.E.O.C. v. American National Bank*, 652 F.2d 1176 (4th Cir. 1981), in which the E.E.O.C. was able to pursue a claim against multiple branches of the same bank even though the charge alleged race discrimination in one branch. In that case, the bank was already on notice of the questioned practice. *See id.* at 1181. Unlike this case, the questioned practice at the bank's branches was the same practice questioned in the E.E.O.C. charge against the single branch. Here, Plaintiff seeks to add a completely different charge than the one he alleged and described.

[14]E.E.O.C. Assessment System Questionnaire (Mar. 29, 2009) (Resp. Ex. 1). Barrientos wrote:
> In October of 2008, I was required to submit an application and an additional letter stating I would not be seeking a higher rank upon entry. I was told by the city manager and the fire chief that a physical agility test was required by all prospective hires for the fire department. In March of 2009 the fire chief called a young female by the name of Denise via telephone to offer her a job with the

corrections to the typewritten E.E.O.C. charge of discrimination and did not add any additional comments that would result in an investigation for retaliation. Based on the questionnaire and the charge of discrimination, the Court finds that no other reasonable claim would arise beyond Barrientos's claim for sex discrimination.[15]

## Conclusion

Defendant's Partial Motion to Dismiss is GRANTED. Plaintiff's claims for discrimination based on race, discrimination based on national origin, and retaliation are DISMISSED. Plaintiff's motion to include a claim of retaliation is DENIED.

It is so ORDERED.

SIGNED this 16th day of April, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

department. He created a special position for her and waived the requirement of taking and passing the physical agility test. He hired her without advertising for the position. This female is around 20 years of age with little to no experience as an EMT. I have 12 years experience as a fir[e]fighter/EMT-Paramedic. I have held the rank of Lieutenant, instructor and arson investigator with the Eagle Pass Fire Department. I feel that I was discriminated on the basis of sex and age. I was given a requirement for employment that was later waived for a young female applicant.

*Id.* Barrientos reiterates these allegations in his response to a subsequent question.

[15]In addition to the above, the Court reviewed all materials supplied by Plaintiff and could find no bases to allow a retaliation claim. Nowhere in any of this material does Plaintiff allege that he was retaliated against because of any previous Title VII protected activity.