# In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| ROQUE BARRIENTOS | § | |
| | § | |
| v. | § | SA-10-CV-57-XR |
| | § | |
| CITY OF EAGLE PASS | § | |

## ORDER

On this day came on to be considered Defendant's motion for summary judgment.

### Background

Plaintiff Roque Barrientos was employed by the City of Eagle Pass Fire Department.  He began his employment in 1997 as a Firefighter, and later was employed as an Emergency Medical Technician-Basic/Firefighter.  His last rank was Lieutenant.

Plaintiff alleges that in January 2007, the Chief and Assistant Chief of the Fire Department issued a memorandum to all firefighters that required them to acknowledge receipt of an ISI Facemask and to acknowledge that if they lost that piece of equipment they would be financially responsible.   Allegedly firefighters were required to sign the memorandum or be discharged.

Plaintiff complained to a city Councilman about the memorandum and

subsequently the Interim City Manager recalled the memorandum.

Also in January 2007, Plaintiff retained an attorney to assist with a "hostile work environment" allegedly created by the Fire Chief and Assistant Fire Chief.  The attorney was paid from funds raised by various members of the Fire Department.

On February 17, 2007, Plaintiff drafted a memorandum to the Interim City Manager complaining about the alleged "unprofessional conduct" of the Fire Chief and Assistant Fire Chief, their "lack of support of fire department personnel" and an alleged "hostile work environment."  At some later date, Plaintiff alleges that a police report was filed against the Fire Chief for making threats against firefighters who complained.  Rather than being fired for making these remarks, Plaintiff complains that the Fire Chief was only suspended for one week.

In June 2008, Plaintiff and other employees formed Local Firefighters Union 4590.  Plaintiff was elected President of the Local Union.   On June 12, 2008, Plaintiff in his role as Local Union President filed a grievance complaining about the method used to appoint an Assistant Fire Chief.

On June 11, 2008, Plaintiff complains that he was given a verbal counseling about an overtime request he had submitted.  Plaintiff complains he was denied a union representative and the counseling was in violation of standard operating procedures.

Plaintiff resigned his employment on September 11, 2008 to pursue a position with the United States Border Patrol.  Eight days later, Plaintiff

requested that his spouse, Sybil Nixon, speak to the City Manager about him returning to the Fire Department. Based on upon Ms. Nixon talking with the City Manager, who allegedly said she did not foresee any issue, Plaintiff resigned from the U.S. Border Patrol.

On September 22, 2008, Plaintiff met with the Fire Chief, who stated that he had no issues regarding his re-hiring in the new fiscal year to begin October 1, provided he met all the requirements of the position. Sometime later, Plaintiff was informed that he would need to submit an employment application and that he would not be considered for his former position of Lieutenant. On November 4, he was informed that he would be required to take and pass a physical agility test. Plaintiff failed the test and was not re-hired.

On March 29, 2009, Denise Vera, a female, was hired as an EMT. Plaintiff complains that the position was not advertised, and Ms. Vera was not required to take and pass a physical agility test.

Plaintiff alleges that he was not re-hired in retaliation for his prior EEO activities (disclosures of alleged harassment and hostile work environment) in violation of Title VII. Plaintiff also claims that he was discriminated against because of his race/national origin (Mexican American) and sex (male) in violation of Title VII. He further alleges that he was "harassed" and subjected to a hostile work environment.

On April 16, 2010, this Court granted Defendant's motion for partial dismissal of claims. In that order the Court dismissed Plaintiff's discrimination claims based on race and national origin and the Court dismissed Plaintiff's

retaliation claims.  Accordingly, the sole remaining claim based on that order is Plaintiff's Title VII sex discrimination claim.  The City now seeks summary judgment regarding the sex discrimination claim.

## Summary Judgment Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party.  *Anderson*, 477 U.S. at 248; *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  A fact is "material" if its resolution in favor of one party might affect the outcome of the case.  *Anderson*, 477 U.S. at 248; *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002).

The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case."  *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) *(citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Once the moving party meets its initial burden, the nonmoving party "must ... set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).  To avoid summary judgment, the nonmoving party must adduce admissible evidence that creates a fact issue concerning the existence of every

essential component of that party's case and unsubstantiated assertions of actual dispute will not suffice. *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). The Court reviews all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## Defendant's Motion

Defendant argues that Plaintiff was not qualified for the position he sought (Firefighter/Basic EMT) inasmuch as he failed the physical agility test. The City further argues that Denise Vera and Elizabeth De Luna, the female employees Plaintiff argues were treated more favorably, were not similarly situated with the Plaintiff. The City argues that both women were hired as part-time EMTs (not Firefighter/Basic EMT), and that basic EMTs are not required to take a physical agility test. Plaintiff did not apply for either position held by Ms. Vera or Ms. De Luna. Further, the City argues that it had a legitimate, non-discriminatory reason not to re-hire Plaintiff as a Firefighter/Basic EMT (his failing of the physical agility test) and that Plaintiff fails to establish pretext.

## Analysis

Since Plaintiff does not allege any direct evidence of discrimination, the Court must apply the familiar *McDonnell Douglas* burden-shifting analysis.

*Moore v. Reeves County*, 360 Fed. Appx. 546 (5th Cir. 2010) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

To survive summary judgment under *McDonnell Douglas*, the plaintiff must first present evidence of a prima facie case of discrimination.

To establish a prima facie case of sex discrimination, a plaintiff must show that he is a member of a protected class; is qualified for the job; suffered an adverse employment action by the employer; and was either replaced by someone outside his protected group or received less favorable treatment than a similarly situated individual outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

If the plaintiff presents a prima facie case of discrimination, then an inference of discrimination arises, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action.  If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for sex discrimination. *Moore v. Reeves County*, 360 Fed. Appx. at 548.

On summary judgment, at the pretext stage, "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).  "To carry this burden, the plaintiff must produce substantial evidence indicating that the proffered legitimate

nondiscriminatory reason is a pretext for discrimination." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id.* at 579 (quotation marks omitted).

Pretext may be established "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Id.* at 578 (*quoting Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). "To raise an inference of discrimination, the plaintiff may compare his treatment to that of nearly identical, similarly situated individuals." *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). However, to establish disparate treatment, a plaintiff must show that the employer gave preferential treatment to another employee under "nearly identical" circumstances. *Id.* Alternatively, "[a]n explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Laxton*, 333 F.3d at 578. "Whether summary judgment is appropriate depends on numerous factors, including 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered.'" *Price*, 283 F.3d at 720 (*quoting Reeves*, 530 U.S. at 148- 49).

Plaintiff offers a number of arguments in an attempt to defeat summary

judgment.

First, Plaintiff attempts to argue in a roundabout fashion that he should have been considered a regular employee, a continuing qualified employee and not a new applicant. On September 9, 2008, Plaintiff requested a leave of absence from the City Manager explaining that he will begin a new career with the Border Patrol on September 11, 2008 and was seeking "a 90-day leave of absence in lieu of immediate retirement." On September 11, the City Manager denied the request explaining that "the request for leave is for the sole purpose of seeking employment elsewhere...." Accordingly, that argument is unavailing. Plaintiff voluntarily quit his employment and was a new applicant when he subsequently submitted his application.

Plaintiff concedes that he failed the physical agility test. However, in an attempt to demonstrate that he is still a qualified applicant, he argues that Ms. Vera was hired and not required to complete any physical agility test. Plaintiff further argues that former Fire Chiefs had allowed ex-employees to be re-hired without completing a physical agility test. Plaintiff, however, provides no competent summary judgment evidence that the decision-maker, Chief Rodriguez, ever deviated during his tenure from requiring that applicants for a firefighter position pass a physical agility test. To the contrary, Chief Rodriguez states in his affidavit that during his tenure all new and re-hire applicants for a firefighter position have been required to pass a physical agility test.

With regard to Plaintiff's argument that Ms. Vera was not required to pass a physical agility test, Ms. Vera applied for an EMT position on January 20,

2009.  On February 23, 2009, the Fire Chief sought approval to hire Ms. Vera in a part-time EMT position from the City Manager Daniel Valenzuela and she was hired on March 29, 2009 in a part-time EMT position.  Plaintiff offers no competent summary judgment evidence that non-firefighters were required to pass a physical agility test.  Chief Rodriguez states in his affidavit that Basic EMTs (non-Firefighter) are not required to take and pass the agility test because the physical demands of that position are not as strenuous as that of a firefighter.

Plaintiff complains that the EMT position was not advertised.  Ms. Vera was a volunteer EMT for the City and was verbally informed by Chief Rodriguez of the new paid position.  Plaintiff infers that the failure to post the vacancy was a deliberate attempt to keep him in the dark about the vacancy.  Plaintiff, however, only provides his subjective belief and provides no competent summary judgment evidence to support his belief.  Regardless, this does not overcome Defendant's argument that Plaintiff did not apply for an EMT position, he applied for a firefighter/EMT position on October 2, 2008 and to be qualified for the firefighter/EMT position required the passage of the physical agility test.

Plaintiff fails to establish a prima facie case of sex discrimination.  Assuming, however, that he did, summary judgment in favor of the City is still required.  The City has articulated a legitimate, nondiscriminatory reason for the refusal to re-hire the Plaintiff (failure to pass the physical agility test).  If the employer states a legitimate rationale for its employment action, the plaintiff must present evidence that the employer's proffered reason was mere pretext for

sex discrimination.  Plaintiff fails to provide any competent summary judgment evidence of pretext.  Plaintiff suggests that the City disliked him because of his past union activities and his challenge to Chief Rodriguez's selection of an assistant chief.  However, those subjective beliefs are not competent summary judgment evidence and serve as no evidence of pretext for sex discrimination because Plaintiff is a male.

## Conclusion

Defendant's motion for summary judgment (doc. no.19) is GRANTED.  The Clerk is instructed to issue a judgment in favor of the Defendant.  Defendant shall submit its Bill of Costs within 14 days in the form directed by the Clerk should it desire to pursue these costs.

It is so ORDERED.

SIGNED this 22nd day of February, 2011.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE