# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROQUE BARRIENTOS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-10-CV-057-XR |
| | § | |
| CITY OF EAGLE PASS, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

On this date, the Court considered Defendant's Bill of Costs (Docket Entry No. 27). On February 22, 2011, this Court granted summary judgment in favor of the Defendant on all of Plaintiff's claims.[1] As the prevailing party, the City of Eagle Pass timely submitted a bill of costs, seeking $1,534.70: $1,137.20 for fees for printed or electronically recorded transcripts, $7.50 for docket fees under 28 U.S.C. § 1923, and $390 for "other costs."[2]

## Legal Standard

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party." FED. R. CIV. P. 54(d). Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford*

---

[1] Ord. on Mot. for Summ. J., Feb. 22, 2011 (Docket Entry No. 24).

[2] Bill of Costs, Mar. 9, 2011 (Docket Entry No. 27).

1

*Fitting Co. v. Gibbons*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

## Analysis

*A. Fees for Printed or Electronically Recorded Transcripts*

Plaintiff seeks $1,137.20 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Such costs are authorized under Section 1920(2). 28 U.S.C. § 1920(2). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Whether a deposition could reasonably be expected to be used for trial preparation is a factual determination by which the district court is provided wide latitude. *Id.* at 285–86.

Eagle Pass has requested that the Court tax costs for the deposition transcripts of Roque Barrientos and Chief Jesus Rodriguez. Both of these witnesses provided deposition testimony as to

material facts and issues relating to the Plaintiff's claims. Accordingly, the Court finds that Eagle Pass could reasonably have expected to use all four of these depositions, at the time they were taken, for trial preparation rather than merely for discovery. *See Fogleman*, 920 F.2d at 285. The Court approves the award of $1,137.20 for deposition transcript costs.

*B. Other Costs*

Defendant also seeks $390.00 for the August 26, 2010 video deposition of Roque Barrientos, which it categorizes as "other costs." The Court notes that Defendant seeks recovery of cost for the transcript of the oral deposition and a video copy of the deposition. Although videotape deposition costs and deposition transcripts are both recoverable costs,[3] this Court does not generally award costs for both. Because Barrientos would have been expected to appear at trial such that a videotape deposition would not be necessary for trial, and because this case was resolved at summary judgment, the Court finds that the video deposition was not necessarily obtained for use in the case. Thus, the Court will deny the cost of $390.00 for the video copy of the deposition.

*C. Docket Fees Under 28 U.S.C. § 1923*

Defendant seeks $7.50 for docket fees under 28 U.S.C. § 1923: $5.00 for Defendant's Motion for Summary Judgment and $2.50 for the deposition of Roque Barrientos. The statute authorizes taxing costs of $5 for a "motion for judgment" and $2.50 for "each deposition admitted into evidence." 28 U.S.C. § 1923. Accordingly, the Court approves docket fees in the amount of $7.50.

**Conclusion**

The Clerk is ORDERED to tax total costs of $1144.70 in favor of Defendant City of Eagle

---

[3] *See S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. App'x 443 (5th Cir. July 1, 2009) (noting that the Judicial Administration and Technical Amendments Act of 2008 amended section 1920(2) to permit a judge to tax as costs fees for "electronically recorded transcripts").

3

Pass and against Plaintiff Roque Barrientos as follows: $1,137.20 for fees for printed or electronically recorded transcripts and $7.50 for docket fees under 28 U.S.C. § 1923.

It is so ORDERED.

SIGNED this 25th day of April, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE